In the Matter of WILLIAM SIMS, Appellant, v. BOARD OF ELECTIONS OF ERIE COUNTY, Respondent.— Order unanimously affirmed, without costs. Memorandum: In passing, we note that the appellant has failed to furnish us with a record which shows that the determination of the lower court was incorrect. In the absence of the transcript of testimony we view as completely inadequate the agreed statement of facts. (Appeal from order of Erie Special Term, dismissing petition in proceeding to validate designating petitions.) Present — Bastow, P. J., Williams, Del Vecchio, Witmer and Henry, JJ. (Order entered June 11, 1968.)

In the Matter of ROSE M. ORZECH et al., Respondents, v. BOARD OF ELECTIONS OF CITY OF LACKAWANNA, Appellant.— Order unanimously affirmed, without costs. (Appeal from order of Erie Special Term validating designating petitions.) Present — Bastow, P. J., Williams, Del Vecchio, Witmer and Henry, JJ. (Order entered June 11, 1968.)

## (June 27, 1968)

CAROL KNORR, Respondent v. COLIN KNORR, Appellant.— Orders affirmed, with costs. All concur, except Williams, P. J., and Henry, J., who dissent and vote to reverse and grant a new trial, in the following Memorandum: This case should be reversed and a new trial granted as against the weight of evidence and also on the law. There were serious errors in the admission of evidence. (Appeal from orders of Monroe Family Court, directing support of child.) Present — Williams, P. J., Bastow, Marsh, Witmer and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROMEO E. PRIOLEAU, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: Defendant appeals from a judgment of Oneida Trial Term convicting him of possession of a narcotic drug. Policemen arrested him on September 30, 1966, without a warrant when he got off a bus from New York City. They searched him and found a quantity of heroin concealed on his person. If the police had probable cause to make the arrest and if the search was made as an incident thereof the conviction should be affirmed. On September 28 and 29, 1966 telephone conversations in which defendant participated were intercepted by the police. They disclosed that defendant would leave Utica on the 29th of September and would return the following day. The police watched defendant board a bus for New York City on the afternoon of September 29 and also observed him depart from a bus on the morning of September 30 when they arrested him. The wire tap order pursuant to which the telephone conversations were intercepted was a roving commission to intercept and overhear all conversations without limitations as to persons or purposes. It was fundamentally defective because it failed to describe particularly the person or persons whose conversations were to be overheard and the purpose thereof. (*People v. Fino,* 29 A D 2d 227.) The fruit of the poisonous tree doctrine excludes evidence obtained as a consequence of unlawful eavesdropping but not evidence obtained from an independent source (*Costello v. United States,* 365 U. S. 265, 280). The arresting police officers testified that they had received information from reliable informants that defendant was supplying narcotics to known users in the City of Utica and that they had observed known narcotic users entering the house where defendant resided.

These facts without the wire tap information were insufficient to establish probable cause for defendant's arrest. (Cf. *People* v. *Corrado* 22 N Y 2d 308.) The arrest having been made without probable cause the search of defendant's person was illegal and the evidence obtained as a result thereof was improperly received in evidence. (Appeal from judgment of Oneida County Court, without a jury, convicting defendant of violation of subdivision 1 of section 1751 of the Penal Law.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.